FILED
3:14 pm, 4/9/09
Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In re )
)
    BRENDA TANKSLEY, ) Case No. 07-20717
) CHAPTER 13
    Debtor. )

### ORDER ON TRUSTEE'S OBJECTION TO CLAIM NO. 20 FILED BY BRENDA TANKSLEY

On February 18, 2009, the Trustee's Objection to Claim No. 20, filed by Brenda Tanksley ("Debtor") and the Debtor's response came before the Court for a telephone hearing. The Court ,after hearing the arguments of the parties, requested simultaneous briefs from the parties. Upon review of the record, the Court is prepared to rule.

**Facts**

The facts are undisputed by the parties. Debtor filed for Chapter 13 bankruptcy relief on November 27, 2007. Her plan was confirmed August 14, 2008. The last day for governmental units to file a proof of claim was May 25, 2008. On October 24, 2008, the Natrona County Treasurer filed a priority claim in the amount of $831.20 for the 2007 real estate taxes on Debtor's residence located at 261 South Lennox Street, Casper, Wyoming. The Trustee objected to the claim. The Natrona County Treasurer did not respond and an order denying the claim as tardily filed was entered. On December 17, 2008, the Debtor filed a priority claim in the amount of $831.20 pursuant to 11 U.S.C. §§ 507(a)(8) and 1305(a)(1), respectively. The trustee objected to the claim as a tardily filed claim.

## Discussion

The Debtor argues that the claim should be allowed under §1305, that states, as relevant:

> "(a)(1) A proof of claim may be filed by any entity that holds a claim against the debtor –for taxes that become payable to a governmental unit while the case is pending...
> 
> (b) a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed under section 501(a), 502(b), or 502(c), of this title, or disallowed under section 502(d) or 502(e) of this title, the same as if such claim had arisen before the date of the filing of the petition."

The Court considers the following issues in order to resolve this matter:

(1)   Is this a claim for tax or consumer debt?

(2)   If it is a tax debt, did it become payable while the case was pending?

(3)   Does the debtor having standing to file a proof of claim on behalf of the "governmental unit"?

The parties do not argue that this is a tax debt. The claim is for the 2007 tax bill to the Natrona County Treasurer for the Debtor's residence.

The Court applies Wyoming law to determine when the tax became payable. The Wyoming Statute states: "Fifty percent (50%) of the taxes are due on and after September 1 and payable on and after November 10 in each year and the remaining fifty percent (50%) of the taxes are due on and after March 1 and payable on and after May 10 of the succeeding calendar years..."[1]

In the Debtor's case, her 2007 tax bill total was $831.20. Fifty percent of that, or $415.60 was due on and after September 1 and payable on and after November 10 of 2007. The debtor filed her bankruptcy on November 27, 2007. The first half of the Debtor's 2007 tax bill was a pre-petition debt. Section 1305 is inapplicable to that portion of this claim. The remaining fifth percent of the taxes were due and payable after the petition was filed and would be considered a post-petition debt.

Finally, the court must consider whether the debtor may file a claim on behalf of a taxing authority with respect to the postpetition portion of the claim. With one exception, courts have held that the debtor may not file such a claim[2]. There appears to be three bankruptcy courts in the Tenth Circuit that follow the holding that a debtor may not file a postpetition claim on behalf of taxing authority. The Bankruptcy Court's analysis in *In re Flores*[3] discusses the statutory construction of § 1305. That Court determined that there

---

[1] Wyo. Stat. 39-13-108(b)(i) (2007).

[2] That exception is *In re Zook,* 144 B.R. 489 (Bankr. D. Idaho 1991), which was cited by the Debtor.

[3] *In re Flores*, 270 B.R. 203 (D. Tex. Laredo Div., 2001).

does not appear to be any statutory authority for the debtor to file a proof of claim for a creditor for postpetition claims that relate only to postpetition activity. The Court distinguishes Bankruptcy Code §501(c) that authorizes a debtor to file a proof of claim on behalf of the creditor if the creditor does not file the claim timely. The Court determined that since there is no deadline for filing a postpetition claim on behalf of a credit, the debtor's right under §501(c) never arises. "Congress used different words in §1305 when it dealt with postpetition claims. Based on the different language and on the legislative history, the Court concludes that differences were intended."[4] This Court agrees. The Debtor does not have statutory authority to file a claim on behalf of Natrona County Treasurer for the remaining fifty percent of the postpetition debt.

THEREFORE, IT IS ORDERED the Trustee's Objection to Claim No. 20 is granted and the claim is denied.

DATED this 9 day of April, 2009.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
   Stephen Winship
   Mark Stewart

---

[4] *Flores* at 209